UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM BRAY,

        Plaintiff,

v.                                    CAUSE NO. 3:20-CV-645 DRL-MGG

LaPORTE COUNTY JAIL *et al.*,

        Defendants.

## OPINION AND ORDER

Adam Bray, a prisoner without a lawyer, filed a vague amended complaint naming sixteen defendants and alleging interference with his mail at the LaPorte County Jail. ECF 30. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Bray alleges he sent mail to the Indiana Department of Transportation on November 6, 2019, which "got sent back on Nov. 12th 2019 . . .." ECF 30 at 4. It is unclear whether it rejected for mailing by someone at the jail or was returned by the United States Post Office as undeliverable or refused by the recipient. Nevertheless, he alleges it was not given to him until November 26, 2019. He alleges it was legal mail, but he does not

explain how mail to the Department of Transportation qualifies as legal mail. Neither does he say who delayed delivery of this mail even though he refers to mail logs which identify which jail employees processed his mail on various dates. Mr. Bray alleges Deputy Maksyan brought him four pieces of mail on January 9, 2020. Delivering mail to him did not violate his rights.

Mr. Bray alleges Deputies Callahan delayed two letters on December 6, 2019, but he does not say whether it was incoming or outgoing mail nor when or if it was ultimately delivered. He alleges Deputy Lonske delayed delivery of legal mail on November 18, 2019, but he does not say why it was legal mail, whether it was incoming or outgoing, nor when or if it was ultimately delivered. He alleges Deputies Wilkey, Dommer, and Alexander delayed delivery of outgoing mail, but he does not say when they did so nor when or if it was ultimately delivered.

Mr. Bray alleges Corporal Didonna answered a pre-grievance about mail problems even though he had not addressed his concerns to her. He alleges she agreed with Corporal Sikorski to whom Mr. Bray also sent similar grievances. However, "grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Mr. Bray alleges Sergeant Holt allowed him to send nine letters on November 25, 2020. Allowing him to send mail did not violate his rights. He alleges during second shift on November 20, 2020, Deputies Bortz and Evans refused to allow him to send a letter to

2

the Michigan City Courthouse and another to the United States District Court. It is unclear whether they merely refused to process his outgoing mail on Friday night or if they prevented him from ever sending mail to these courts.

Mr. Bray also alleges he told Sheriff Boyd, Capt. Ott, Deputy Maksyan, and Sgt. Wilche he was having problems with his mail. However, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Merely being told about past events does not state a claim against these defendants.

Mr. Bray names Corporal Miller as a defendant, but he says nothing about him in the body of the complaint. It is unclear why he is suing Corporal Miller. He names the LaPorte County Jail as a defendant, but the jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This vague complaint does not state a claim. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If Mr. Bray can provide more information about his mail and how each defendant was personally involved in delaying its delivery, he may be able to state a claim.

For these reasons, the court:

(1) DIRECTS the clerk to put this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Adam Bray;

(2) GRANTS Adam Bray until **April 8, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Adam Bray if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

March 12, 2021                                    *s/ Damon R. Leichty*
                                                                          Judge, United States District Court