UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM BRAY, <br><br> Plaintiff, <br><br> v. <br><br> WILKEY, DOMMER, and ALEXANDER, <br><br> Defendants. | CAUSE NO. 3:20-CV-645-DRL-MGG |

OPINION AND ORDER

Adam Bray, a prisoner without a lawyer, filed a fourth amended complaint alleging interference with his mail at the LaPorte County Jail. ECF 38, *see also* ECF 1, 23, 28, 30. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

As an initial matter, Mr. Bray incorrectly characterizes much of his mail as *legal mail*. Though some of his mail was related to legal proceedings, none of the items identified was *legal mail*. For constitutional purposes, *legal mail* is a term of art. The purpose of preventing prisons from opening *legal mail* outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client

privilege by ensuring that prison officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel. *Wolff v. McDonnell*, 418 U.S. 539, 576-577 (1974). "[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005)). Materials mailed to and from various courts are part of the public record and were not protected by either the Sixth Amendment or attorney-client privilege. Because it is not plausible to infer that any of the mail mentioned in the complaint was *legal mail*, the delays alleged concern only regular mail. None of his allegations about mail being opened outside of his presence states a claim.

"As a general rule, prisoners have a constitutionally-protected interest in their incoming and outgoing mail correspondence." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011). However, "an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (quoting *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir.1987)).

Here, Mr. Bray identifies fifteen instances when he believes there was a disruption with his mail. Of these, five do not indicate there was any significant delay.[1] Without

---

[1] First, Mr. Bray alleges he wrote to the Detective Bureau on December 10, 2019, and received a reply on January 2, 2020, but there is no indication when the Detective Bureau wrote back or when

delay, those instances do not state a claim. One other instance involved a brief, fourteen day, non-content-based disruption of mail sent to him by a person outside the jail. Mr. Bray alleges a letter received at the jail on November 12, 2019, was not given to him until November 26, 2019. This single, two-week delay of inbound mail does not state a claim because "[a]llegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000).

The final nine instances involve delays sending mail out of the jail between August 4, 2020, and November 18, 2020. ECF 25-1 at 2. He alleges none of this mail was sent out of the jail until November 25, 2020. One of these nine instances was only a five-day delay. That incident is not the basis for a claim. *See Zimmerman*, 226 F.3d at 573. However, the other eight delays ranged from two to four months. Though there may have been legitimate reasons for delaying this mail, the number of instances combined with the length of the delays, states a claim. Therefore, he will be granted leave to proceed against Deputy Wilkey for delaying mail sent on August 4, 2020. He may proceed against Deputy Dommer for delaying mail he sent on August 15, 2020; August 20, 2020; August 27, 2020; September 14, 2020; September 14, 2020; and September 17, 2020. He may proceed against Deputy Alexander for delaying mail he sent on September 8, 2020.

---

the Jail received the response; so there is no plausible allegation the mail was meaningfully delayed by the jail. Second, he alleges receiving a letter on January 9, 2020, which was sent on December 6, 2019, but again there is no indication when the Jail received the letter. Third and fourth, he alleges two letters were given to him on January 9, 2020, but there is no allegation about when they were received at the jail. Fifth, he alleges he receive mail from this court on March 18, 2020, but there is no indication delivery was delayed.

Mr. Bray seeks compensatory damages, but he has not plausibly alleged any actual compensatory injury as a result of the delay of these eight pieces of mail. He argues delayed mail "could of stop me from making my deadlines for the Federal Courts," but he does not allege he actually missed any deadlines as a result.[2] Therefore, if he can prove a violation of his First Amendment rights, he may only recover nominal damages. "In civil rights cases, nominal damages are appropriate when a plaintiff's rights are violated but there is no monetary injury. *Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 805 (7th Cir. 2016) *citing Carey v. Piphus*, 435 U.S. 247, 266–67 (1978). In addition, if "the defendant's conduct is shown to be motivated by evil motive or intent, or [if] it involves reckless or callous indifference to the federally protected right," then punitive damages may be appropriate. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also Green v. Howser*, 942 F.3d 772, 781 (7th Cir. 2019).

Mr. Bray also names six other defendants. He sues the LaPorte County Jail, but the jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He lists Deputy Lonske as a defendant; but, in the body of the complaint, he does not allege he did anything. He alleges Capt. Ott brought him mail that had been previously misdelivered, but delivering his mail did not violate Mr. Bray's rights. He alleges Deputy Callahan placed two cards in his property which were later delivered on

---

[2] To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith*, 430 U.S. 817 (1977) did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts).

January 9, 2020. As discussed in footnote one, the complaint does not plausibly allege these cards were meaningfully delayed. He alleges Deputy Maksyan gave him those two cards, but doing so did not violate his rights. He also alleges Deputy Maksyan was given mail from this court so a report could be written about how it had been opened outside Mr. Bray's presence. As discussed above, mail from this court is not *legal mail* for constitutional purposes. These defendants will be dismissed.

Finally, Mr. Bray alleges he wrote Sheriff John T. Boyd about mail problems in December 27, 2019. He alleges Sheriff Boyd did not write back and allowed his staff to tamper with his mail. However, none of the potentially unconstitutional mail delays described in the amended complaint happened until August 2020. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Mr. Bray alleges Sheriff Boyd had a policy of not delivering mail on Tuesdays and only allowing legal copies on Thursdays. He alleges this could deny him access to the court because it could cause him to miss a deadline. However, he does not allege he actually missed a deadline. As explained in footnote two, without an actual injury, these allegations do not state a claim. Mr. Bray also alleges the jail does not have a proper law library. However, there is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[O]nly if the defendants' conduct

prejudices a potentially meritorious [claim] has the right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Therefore, Sheriff John Boyd will be dismissed.

For these reasons, the court:

(1) GRANTS Adam Bray leave to proceed against Deputy Wilkey in his individual capacity for nominal and punitive damages for delaying until November 25, 2020, mail sent on August 4, 2020, in violation of the First Amendment;

(2) GRANTS Adam Bray leave to proceed against Deputy Dommer for delaying until November 25, 2020, mail sent on August 15, 2020; August 20, 2020; August 27, 2020; September 14, 2020; September 14, 2020; and September 17, 2020, in violation of the First Amendment;

(3) GRANTS Adam Bray leave to proceed against Deputy Alexander for delaying until November 25, 2020, mail sent on September 8, 2020, in violation of the First Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES LaPorte County Jail, John T. Boyd, Allen Ott, Maksyan, Joshua Callahan, and Lonske;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Wilkey, Deputy Dommer, and Deputy Alexander at the LaPorte County Jail, with a copy of this order and the amended complaint (ECF 38), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS LaPorte County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Wilkey, Deputy Dommer, and Deputy Alexander to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 27, 2021         *s/ Damon R. Leichty*
                           Judge, United States District Court